**Don HOTT, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 2–878A297.

Court of Appeals of Indiana,
First District.

Feb. 19, 1980.

Rehearing Denied March 19, 1980.

Max E. Hobbs, Fort Wayne, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

This is an appeal by defendant-appellant Don Hott from the Huntington County Court from a conviction of making an indecent telephone call.

We affirm.

On December 21, 1976, defendant, at 11:00 p. m., made a telephone call to the chief of police of Huntington, which call awakened the chief from his slumber. Defendant, in an irritated and aggravated way, requested the chief to go and arrest the duty sergeant for some grievance. The chief refused, and thereupon defendant called him names in vile gutter language, impugning canine ancestry with tendencies *en fellatio*, the exactitude of which is unnecessary for this opinion. Minutes later defendant called the prosecuting attorney at his home, also awakening him from his sleep. This conversation was similar to the one with the chief, but here, the words used simply impugned canine ancestry.

The defendant was charged in two counts, one for each telephone call, with committing offenses under Ind.Code 35–30–9–1(a), since repealed, which provides, in part, as follows:

> "Whoever, by means of a telephone, (a) makes any comment, request, suggestion or proposal which is obscene, lewd, lascivious, filthy *or* indecent;
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> shall be fined not more than five hundred dollars ($500) or imprisoned for any term not exceeding six (6) months, or both . . . ." (Emphasis added.)

In a trial before the court the defendant was convicted on both counts.

The questions presented for review are constitutional arguments involving the definition of "obscene, lewd, lascivious, filthy *or* indecent" language, and whether the conduct is protected under the free speech provisions of the First Amendment to the United States Constitution.

Defendant argues that when a series of words begins with a particularly defined word, all of those words which follow are included in the definition of the original word, and that under this basic rule, the terms "lewd, lascivious, filthy or indecent" are combined into the word "obscene" in the statute under consideration. Defendant proceeds from that point to develop his argument by citing the case of *United States v. Simpson*, 561 F.2d 53 (7th Cir. 1977). There the court held that the terms indecent, filthy, vile, obscene, lewd, and lascivious, all have common meaning, that is obscene. Defendant further advances his argument by noting that *Simpson* holds that obscene refers to matters of sex and connotes prurient appeal.

Defendant cites *Roth v. United States* (1957) 354 U.S. 476, 489, 77 S.Ct. 1304, 1311, 1 L.Ed.2d 1498, as the standard to determine obscenity, that test being "whether, to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to the prurient interest."

In summary, defendant argues that there was nothing in the evidence to show defendant's conduct was erotic in nature, and it did not sexually arouse the prosecuting attorney or the chief, nor did it appeal to the prurient interest, and therefore it was not obscene.

Authority exists as to examples of conduct that were determined by the Supreme Court not to be obscene within this definition. In *Cohen v. California* (1971) 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284, wearing a jacket with a vulgar expression opposing the draft in the corridors of a courthouse was not obscene. In *Hess v. Indiana*, (1973) 414 U.S. 105, 94 S.Ct. 326, 38 L.Ed.2d 303, vulgar language in a group in an anti-war rally was not obscene. In *Simpson, supra*, a broadcast on a C.B. radio with explicit reference to sexual activities, sexual organs, and abusive epithets directed at other ham operators was not obscene.

The case of *Federal Communications Commission v. Pacifica Foundation* (1978) 438 U.S. 726, 98 S.Ct. 3026, 57 L.Ed.2d 1073, alters the authorities cited by defendant. In that case the defendant broadcast a satiric monologue of "filthy words." The F.C.C. statute contains proscriptions against the broadcast of "obscene, indecent, *or* profane" material.[1] Pacifica Foundation's claim that the broadcast was not indecent within the meaning of the statute was based entirely upon the absence of prurient appeal. The court noted that the terms were written in the disjunctive, implying that each has a separate meaning. It held that prurient appeal is an element of the obscene but the normal definition of indecent merely refers to nonconformance with accepted standards of morality. Therefore, the language used in the broadcast was indecent within the meaning of the statute.

The *Pacifica Foundation* court, citing *Cohen, supra*, in its comments, made a further distinction that whether a communication is protected under the First Amendment depends also upon where and how it is made. It noted that governmental entities may constitutionally act to prohibit unwanted intrusions into the privacy of the home of unwelcome views and ideas, which include harassing telephone calls, and the use of obscene or profane language on the telephone, the natural consequence of which is to abuse the hearer. Such conduct, while it may be protected elsewhere, will not be protected where there is a showing that substantial privacy interests are being invaded.

We observe that Ind.Code 35–30–9–1(a) contains the words "obscene, lewd, lascivious, filthy *or* indecent" (emphasis added) in the disjunctive, which, according to the authority of *Pacifica Foundation, supra*, implies a separate meaning to each. The word "indecent" refers to nonconformance with accepted standards of morality. We hold that the words used by defendant in the telephone conversation were indecent within that definition. We further hold that the defendant's conduct in calling the chief of police and the prosecuting attorney at their homes at 11:00 p. m. while they were in bed and in using indecent language was an invasion of a substantial interest in privacy, and was not otherwise protected by the First Amendment.

For the above reasons, this cause is affirmed.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J., concur.

---

1. 18 U.S.C. § 1464 (1976).